```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
         AT CHARLESTON
```

**BRANDON MATTHEW COSS,**

  Plaintiff,

v.           Civil Action no. 2:18-cv-1199

**WILLIAM A. BLATT, D.B. CROSS, and
THE COUNTY COMMISSION OF WOOD COUNTY
WEST VIRGINIA,**

  Defendants.

## MEMORANDUM OPINION & ORDER

Pending is the plaintiff's motion for leave to file a third amended complaint, filed January 11, 2019.

### I. Background

On February 28, 2016, defendant William A. Blatt, a deputy in the Wood County Sheriff's Department, initiated a traffic stop of plaintiff Brandon Matthew Coss's fiancé, Rebecca Dotson. Second Am. Compl. ("Compl."), ECF No. 15, at ¶ 8. The plaintiff, who witnessed the incident, and Deputy Blatt had a confrontation over the propriety of the traffic stop. Id. at ¶¶ 9-17.

Plaintiff alleges that on February 29, 2016, Deputy Blatt "swore to false statements in a criminal complaint in order to obtain a warrant for Plaintiff's arrest." Id. at ¶ 19.

"At approximately 11:00 PM on February 29, 2016, Deputies Blatt and Cross arrived at the Plaintiff's residence to execute the invalid arrest warrant" for either disorderly conduct or obstructing an officer. Id at ¶ 20-21. Upon entering the residence, and despite the fact that plaintiff was already on the ground with his hands behind his back, Deputy Blatt allegedly struck plaintiff in the head with his knee multiple times. Id. at ¶ 29-30. Plaintiff also claims that Deputy Blatt unjustifiably continued to physically harm him after he was in custody, which Deputy Cross witnessed. Id. at ¶ 31-34.

After being held in jail overnight, plaintiff went before the Wood County Magistrate. Id. at 35-36. Deputy Blatt had filed a second criminal complaint in which he alleged two counts of obstructing an officer and is purported to have made multiple false statements to the Magistrate in order to support these allegations. Id. at 36. The Magistrate found probable cause for one count of obstructing an officer. Id. That charge, the only one for which probable cause was found, was dismissed on December 13, 2016. Id. at 38.

Plaintiff, acting pro se, initiated this action in the Circuit Court of Wood County, West Virginia on February 28, 2018. See ECF No. 1-5, at 1. Plaintiff, pro se, later amended his complaint, on June 27, 2018. ECF No. 1-1. Service of

2

process does not appear to have been made on the defendants until after the plaintiff filed his amended complaint. Not. Removal, ECF No. 1, at ¶¶ 3-4; ECF No. 1-5. Although the original complaint was not transmitted to this court with the notice of removal, Exhibit 5, attached to defendants' notice of removal, appears to be the state court docket sheet which indicates that the original complaint was filed on February 28, 2018. The defendants removed this matter to this court pursuant to 28 U.S.C. § 1331 and subsequently moved to dismiss the amended complaint.

Plaintiff later retained counsel and moved to amend his amended complaint to cure several deficiencies in the first amended complaint and to replace, as a defendant, the Wood County Sheriff's Department with the Wood County Commission. Mot. Am. Compl., ECF No. 12. On November 29, 2018, the court granted plaintiff leave to file a second amended complaint and allowed defendants to either withdraw or amend their motion to dismiss in view of the amendment. ECF No. 14.

The second amended complaint includes: 42 U.S.C. § 1983 claims against Deputy Blatt under the Fourth Amendment for false arrest and excessive force; a claim against Deputy Blatt under the First Amendment for retaliatory arrest; a claim against Deputy Cross under the Fourteenth Amendment for failure

to intervene; a claim for municipal liability against the Wood County Commission; a state-law false arrest and imprisonment claim against Deputy Blatt; assault and battery claims against Deputy Blatt; intentional infliction of emotional distress claims against Deputies Blatt and Cross; and a malicious prosecution claim against Deputy Blatt.  Compl., at ¶¶ 39-72.

On December 20, 2018, defendants filed their amended motion to dismiss plaintiff's claims.  ECF No. 20.  Instead of responding to defendants' motion, the plaintiff filed, on January 11, 2019, this motion for leave to amend the second amended complaint.  Pl.'s Mot., ECF No. 22.

Plaintiff's third amended complaint "would include facts omitted from the original document and would present a more complete and accurate description of the events giving rise to this action."  Id. at ¶ 3.  Plaintiff specifically seeks to add "descriptions of the false statements made by Defendant Blatt in the process of obtaining criminal complaints against the Plaintiff."  Id.  The plaintiff asserts that the amendment would not prejudice the parties inasmuch as the court's November 29, 2018 scheduling order set a January 11, 2019 date by which the parties might amend their pleadings, a date with which plaintiff has complied.  Id. at ¶ 4.  The third amended complaint does not seek to add any parties or causes of action.

The third amended complaint only contains two additions of note. First, the plaintiff seeks to add the allegation that in an effort to obtain an arrest warrant for plaintiff, Deputy Blatt falsely told the Magistrate "that Plaintiff took an aggressive stance against Deputy Blatt, that Deputy Blatt attempted to arrest the Plaintiff during the incident, and that the Plaintiff confronted Deputy Blatt with an aggressive dog." Proposed Compl., ECF No. 22-1, at ¶ 19. Second, the plaintiff alleges that in attempting to get the Magistrate to file a second criminal complaint after plaintiff's arrest, Deputy Blatt falsely said that "Plaintiff told officers they would have to kick in the door. Additionally, every statement attributed to Ms. Dotson is a fabrication." Id. at ¶36. None of the other amendments make any meaningful changes to the substance of the second amended complaint.[1]

---

[1] Paragraph 20 of the proposed complaint adds the clause "as no reasonable officer would make such a mistake" to the allegation that Deputy Blatt was aware that the facts alleged in the criminal complaint would not have met the elements of disorderly conduct or obstructing an officer. Proposed Compl., ECF No. 22-1, at ¶ 20. In paragraph 38, the proposed complaint omits some additional language regarding the dismissal of the criminal case. Id. at ¶ 38. Finally, the proposed complaint splits the allegations in paragraph 47 of the second amended complaint into two paragraphs. Id. at 46-47.

5

Defendants have filed, on January 16, 2019, a response in opposition to plaintiff's motion, and the time in which plaintiff could file a reply has expired.

## II. Governing Standard

Federal Rule of Civil Procedure 15(a)(2), invoked by plaintiff, provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. In applying Rule 15(a), "[t]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Plaintiff has timely filed the proposed amended complaint. However, a proposed amendment is futile "if . . . [it] fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6). United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)).

III. Discussion

Defendants contend that plaintiff's motion should be denied for futility because the statute of limitations has expired as to all the false arrest and malicious prosecution claims, which are the only claims that the proposed complaint's additional statements (noted above) might impact. Defs.' Resp., ECF No. 23, at 5-8.

The plaintiff has brought a false arrest claim against Deputy Blatt under 42 U.S.C. § 1983 for violations of the Fourth Amendment. Section 1983 claims are subject to the limitations period applied by the forum state to the most analogous cause of action. See Owens v. Okure, 488 U.S. 235, 239 (1989). Under West Virginia law, tort claims for false arrest have a strict one-year statute of limitations that accrue when the false arrest occurs. See Canterbury v. Laird, 221 W. Va. 453, 455, 655 S.E.2d 199, 201 (2007); W. Va. Code § 55-2-12.

While state law provides the limitations period in a § 1983 action, the time the cause of action accrues is determined by federal law. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995). For § 1983 claims of false arrest in violation of the Fourth Amendment, the statute of limitations "begins to run at the time the claimant becomes

detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007).

Here, the plaintiff's alleged false arrest took place on February 29, 2016.  His § 1983 claim accrued on that date, and he would have had to file this claim by March 1, 2017.  He did not. He filed his original complaint on February 28, 2018.  Plaintiff's proposed amendments to the complaint to add facts supporting his § 1983 false arrest claim are futile inasmuch as they do nothing to demonstrate that he filed the claim within the applicable statute of limitations period.

Plaintiff also brought claims for false arrest and malicious prosecution under state law.  False arrest and malicious prosecution claims both have a statute of limitations period of one year.  Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter, 238 W. Va. 375, 390, 795 S.E.2d 530, 545 (2016) ("Numerous torts such as . . . false arrest, . . . and malicious prosecution take the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c).") (quoting Wilt v. State Auto Mut. Ins. Co., 203 W. Va. 165, 170-71, 506 S.E.2d 608, 613-14 (1998)).  The statute of limitations period for a false arrest claim under state law begins to run on the date of the false arrest.  See Canterbury, 221 W. Va. at 456-57, 655 S.E.2d at 202-03.  Further, "[a]n action for malicious prosecution must

be brought within one year from the termination of the action alleged to have been maliciously prosecuted." Syl. Pt. 1, McCammon v. Oldaker, 205 W. Va. 24, 26, 516 S.E.2d 38, 40 (1999) (quoting Syl. Pt. 2, Preiser v. MacQueen, 177 W. Va. 273, 352 S.E.2d 22 (1985)).

Plaintiff's alleged false arrest occurred on February 29, 2016, Compl., ECF No. 15, at ¶¶ 56-59; Proposed Compl., ECF No. 22-1, at ¶¶ 56-59, and the sole charge for which probable cause was found, for obstructing an officer, was dismissed on December 13, 2016, Compl., ECF No. 15, at ¶ 38; Proposed Compl., ECF No. 22-1, at ¶ 38. In order to have been filed within the statute of limitations period, plaintiff must have filed his false arrest claim on or before March 1, 2017, and his malicious prosecution claim on or before December 14, 2017. Plaintiff, however, did not initiate these claims until his original complaint was filed on February 28, 2018.

## IV. Conclusion

Accordingly, it is ORDERED that plaintiff's motion for leave to file a third amended complaint be, and it hereby is, denied.

The Clerk is directed to transmit this memorandum opinion and order to all counsel of record.

ENTER: January 29. 2019

_John T. Copenhaver, Jr._
Senior United States District Judge