```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**BRANDON MATTHEW COSS,**

      Plaintiff,

v.                              Civil Action no. 2:18-cv-1199

**WILLIAM A. BLATT, D.B. CROSS, and
THE COUNTY COMMISSION OF WOOD COUNTY
WEST VIRGINIA,**

      Defendants.

## ORDER

On January 11, 2019, plaintiff Brandon Matthew Coss filed a motion for leave to amend his second amended complaint to include facts to "present a more complete and accurate description of the events giving rise to this action." ECF No. 22, at 2. Specifically, the third amended complaint "would include descriptions of the false statements made by Defendant Blatt in the process of obtaining criminal complaints against the Plaintiff." Id. Attached to plaintiff's motion is the third amended complaint. ECF No. 22-1.

In their response in opposition to plaintiff's motion, filed January 16, 2019, the defendants contended that such amendments were futile inasmuch as the statute of limitations period for plaintiff's 42 U.S.C. § 1983 claim for wrongful arrest had expired by the time the plaintiff filed his original

complaint on February 28, 2018, as the arrest occurred on February 29, 2016.  ECF No. 23, at 5-6.  The defendants argued that the West Virginia one-year statute of limitations period for wrongful arrest applied to plaintiff's § 1983 claim for wrongful arrest, id., a contention to which the plaintiff failed to respond.

The court, in the order of January 29, 2019, adopted the defendants' position.  However, upon further reflection, the court should have applied the residual statute for personal injury actions which provides a two-year statute of limitations period for § 1983 claims.  See W. Va. Code § 55-2-12(b); Owens v. Okure, 488 U.S. 235, 250 (1989).

Inasmuch as the plaintiff filed his § 1983 wrongful arrest claim within the two-year statute of limitations period and the third amended complaint provides a factual basis for a § 1983 cause of action for wrongful arrest, the plaintiff should have been given leave to file the third amended complaint.  The state law claims for wrongful arrest and malicious prosecution, however, remain time barred.

Accordingly, it is ORDERED that the court's memorandum opinion and order of January 29, 2019, insofar as it rejected plaintiff's § 1983 claim for false arrest as time-barred and denied plaintiff's third amended complaint, be, and hereby is,

vacated and set aside.  It is further ORDERED that plaintiff's January 11, 2019 motion for leave to file the third amended complaint be, and hereby is, granted.  The Clerk is directed to file as of this date the complaint attached to the plaintiff's motion as the third amended complaint.

      The Clerk is directed to transmit this order to all counsel of record.

      ENTER: May 17, 2019

John T. Copenhaver, Jr.
Senior United States District Judge