# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**BRANDON MATTHEW COSS,**

    **Plaintiff,**

**v.**                                         **Civil Action No. 2:18-cv-01199**

**WILLIAM A. BLATT, in his official and individual capacity, D. B. CROSS, in his official and individual capacity, and THE COUNTY COMMISSION OF WOOD COUNTY, WEST VIRGINIA,**

    **Defendants.**

## ORDER

Pending before the Court is Defendants' Motion to Compel Plaintiff to Respond to Defendants' First Sets of Written Discovery (ECF No. 31). The time allotted for Plaintiff to file a response to the motion has expired.

On March 1, 2019, Defendant William A. Blatt filed his First Set of Interrogatories, Request for Production of Documents and Request for Admissions to Plaintiff (ECF No. 31-1). On March 1, 2019, Defendant Wood County Commission filed its First Set of Interrogatories and Request for Production of Documents to Plaintiff (ECF No. 31-2). Plaintiff's responses to Defendants' discovery requests would have been due on or before March 31, 2019.

On April 9, 2019, counsel for Defendants contacted Plaintiff's counsel via telephone regarding the status of Plaintiff's discovery responses (ECF 31 at p. 2). Plaintiff's counsel indicated there had been problems with the mail with receiving the discovery requests and Defendants granted Plaintiff a two week extension in which to file

his discovery responses (ECF No. 31 at p. 3). Defense counsel confirmed this telephone conversation in an email and gave Plaintiff's counsel until April 23, 2019 in which to respond to the discovery (ECF No. 31-3).

On April 23, 2019, Plaintiff's counsel e-mailed counsel for Defendants requesting an additional week extension (ECF No. 31-4). Defendants agreed to an additional one week extension and requested informal information to ensure that it could timely disclose experts; the date for Plaintiff to file his discovery responses would be April 30, 2019 (ECF No. 31-5). Plaintiff responded that he was meeting with his client the following day to presumably work on the discovery responses and that he would provide the information requested in the April 23, 2019 e-mail (ECF No. 31-6).

Defendants assert that Plaintiff did not provide the information informally requested, nor did he serve his discovery responses by the April 30, 2019 deadline. On May 2, 2019, counsel for Defendants again contacted Plaintiff's counsel via telephone regarding his responses. During the telephone call, Plaintiff's counsel requested another extension to May 7, 2019 to file his responses. Counsel for Defendants advised Plaintiff's counsel that if the responses were not received by this date that they would file a motion to compel. The telephone conversation was memorialized in e-mails (ECF No. 31-7). The parties further agreed that due to the delay, Defendant's expert disclosure deadline would be extended to May 15, 2019 (ECF No. 31-7) and a stipulation extending Defendants' expert witness disclosure deadline was filed on May 8, 2019 (ECF No. 30). To date, Plaintiff has not responded to the discovery responses.

Having considered the arguments of Defendants and noting that no response has been filed by Plaintiff, it is hereby **ORDERED** that Defendants' Motion to Compel Plaintiff to Respond to Defendants' First Sets of Written Discovery (ECF No. 31) is

2

**GRANTED**. It is further **ORDERED** that Plaintiff shall fully and completely respond to Defendant William A. Blatt's First Set of Interrogatories and Request for Production of Documents to Plaintiff and Defendant Wood County Commission's First Set of Interrogatories and Request for Production of Documents to Plaintiff within **ten (10) days** of entry of the Order.

With regard to Defendant William A. Blatt's Requests for Admission to Plaintiff, Rule 36(a)(3) of the Federal Rules of Civil Procedure provides as follows:

> *(3) Time to Respond; Effect of Not Responding*. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requested party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Thus, in accordance with Rule 36(a)(3), it is hereby **ORDERED** that and each of the Requests for Admissions contained in Defendant William A. Blatt's Requests for Admission to Plaintiff served on or about March 1, 2019, **shall be deemed admitted**.

Defendants requested an award of fees and costs incurred in bringing the motion to compel. Federal Rule of Civil Procedure 37 governs motions for an order compelling disclosure or discovery. The Rule specifies:

> (A) If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) The opposing party's nondisclosure, response or objection was substantially justified; or
(iii) Other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(a)(5)(A).

When a motion to compel has been granted, this district has previously held that a prevailing party may file an affidavit of costs incurred in filing the motion without filing a formal motion for that monetary relief. *See Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 185 (S.D. W.Va. 2010); *Wolfe v. Green*, 257 F.R.D. 109, 114 (S.D. W.Va. 2009).

This Court has held that "Based on the language of Rule 37, once a motion to compel is granted, a court must require the party whose conduct necessitated the motion to pay reasonable expense to the moving party, unless one of the three exceptions is met." *HSBC Bank USA v. Resh*, Civil Action No. 3:12-cv-00668 (S.D. W.Va. January 28, 2014). Therefore, pursuant to Federal Civil Procedure Rule 37(a)(5)(A), Defendants may file an affidavit of their reasonable expenses incurred in making the motion, including attorney's fees, on or before **June 17, 2019.** Plaintiff may file his response to the affidavit within seven days from the date of receipt of Defendants' affidavit.

The Clerk is directed to transmit copies of this Order to counsel of record.

Enter: May 29, 2019

Dwane L. Tinsley
United States Magistrate Judge